

# THE ATTORNEY GENERAL
## OF TEXAS

December 7, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Bruce Campbell
President
Brazos River Authority
P. O. Box 7555
Waco, Texas    76714

Opinion No.  JM-832

Re:    The selection and quali-
fication of  depositories  for
the funds of River Authorities
(RQ-1034)

Dear Mr. Campbell:

At the  request  of the  board  of directors  of the
Brazos River  Authority, established  in  1929 by  special
law, see Acts 1929, 41st Leg., 2d C.S.,  Special Laws, ch.
13, at 22, you pose three questions about the power of the
river authority to make deposits of its funds.  You ask:

> a.  Under  the   provisions  of   article
> 4413(34c),  can  funds  of the  authority  be
> deposited in banks offering FDIC [Federal
> Deposit Insurance Corporation] insurance  to
> the  extent  that  the  deposits  are  fully
> covered by such insurance without  requiring
> pledge of securities to additionally  secure
> such deposits?

> b.  Under  article  4413(34c),  can   the
> authority  enter   into  arrangements   with
> members of  bank  holding  company  families
> which will  take  deposits  in  excess   of
> $100,000.00 and distribute them among  other
> members of the holding company families,   so
> that all of the  deposits are fully  insured
> by FDIC insurance, without requiring each of
> the depositories  to qualify  in the  manner
> provided for in county depositories?

> c.  Under  article  4413(34c),  can   the
> authority deposit its  funds in accounts  of
> or certificates of  deposit issued by  banks
> which have not qualified as depositories  of
> authority funds in  the manner provided  for
> county depositories  if  such  deposits  are
> fully covered by FDIC insurance?

Each of your questions concerns the intent and scope of article 4413(34c), V.T.C.S., a 1979 act relating to the investment of public funds in the custody of state agencies and political subdivisions. See Acts 1979, 66th Leg., ch. 810, at 2071. The statute provides in pertinent part:

Section 1. In this Act:

(1) 'Local funds' means public funds in the custody of a state agency or political subdivision that are not required by law to be deposited in the state treasury <u>and that the agency or subdivision has legal authority to invest</u>.

(2) 'State agency' means an office, department, commission, board, or other agency, including an institution of higher education or a river authority, that is a part of any branch of state government.

. . . .

Sec. 2. Each state agency or political subdivision shall adopt rules governing the investment of local funds of the agency or subdivision. The rules shall clearly specify the scope of authority of officers and employees of the agency or subdivision that are designated to invest the local funds.

. . . .

Sec. 6. A state agency or political subdivision shall invest local funds in investments that yield the highest possible rate of return while providing necessary protection of the principal consistent with the operating requirements as determined by the governing body.

Sec. 7. This section does not prohibit an investment specifically authorized by other law <u>nor authorize an investment specifically prohibited by other law</u>. (Emphasis added.)

As this office observed in Attorney General Opinion MW-224 (1980), article 4413(34c), V.T.C.S., applies only

to funds which the political subdivision or state agency has authority to invest, and placing funds in a depository is not an investment of those funds. Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd). Thus, article 4413(34c), does not authorize the Brazos River Authority to invest funds which other statutes require to be placed in an official depository. See Attorney General Opinion Nos. MW-343 (1981); H-1013 (1977); H-723 (1975). Nor does it in any way alter legal requirements for official depositories.

The original designation of the Brazos River Authority was "The Brazos River Conservation and Reclamation District." Acts 1929, 41st Leg., 2d C.S., Special Laws, ch. 13, at 22. The name was changed in 1953. See Acts 1953, 53rd Leg., ch. 194, §1, at 531. In 1939, this office determined that article 7880-113, V.T.C.S., governed the selection and usage of a depository for the San Jacinto River Conservation and Reclamation District, a similar agency created by special act. See Attorney General Opinion O-1707 (1939). The language found in the statute creating the San Jacinto River district upon which Attorney General Opinion O-1707 relied for its conclusion is also found in the Brazos River Authority statute. We conclude that both are governed by the same law respecting depositories. Cf. Acts 1934, 43rd Leg., 4th C.S., ch. 7, §17, at 19, 31 (Lower Colorado River Authority Act -- "no other law with regard to the . . . deposit of the proceeds [of bonds] . . . shall be construed as applying"); Lower Colorado River Authority v. Chemical Bank and Trust Co. 185 S.W.2d 461 (Tex. Civ. App. - Austin), aff'd, 190 S.W.2d 48 (Tex. 1945).

With the enactment of the Water Code in 1971, see Acts 1971, 62d Leg., ch. 58, at 110, portions of article 7880-113 became sections 51.356 and 51.357 of the code. Section 51.356 provides:

> (a)  The board shall select a depository for the district in the manner provided for the selection of a county depository and shall perform all duties provided by law for the selection of a depository, acceptance and approval of bonds, and other acts.

> (b)  The depository shall execute a good and sufficient bond or security that will be the same as provided by law for a county depository approved by the board to fully protect the district and to guarantee the preservation of the funds and the

accountability of the depository as provided
by law.   The  bond   or  security  shall   be
recorded in the district office and kept   in
a fireproof vault or safe.

(c)  Except as   otherwise  provided,   the
duties and   the   bond and  security  of   the
depository shall be the same as provided  by
law for a county depository.

Section 51.357 reads:

(a)   Funds  of   the   district   shall   be
deposited in   the   depository and   shall   be
paid out as provided in this chapter.

(b)   The funds shall be deposited in   the
interest  and   sinking   fund   account,   the
construction   account,   or   the   maintenance
account, and   each   account shall   be   main-
tained separately.

(c)   No   money   may   be   paid   from   the
interest and sinking fund account except   to
pay interest and principal   on bonds and   to
pay the expenses of assessing and collecting
taxes to pay for the bonds.

(d)   The depository shall   make a   report
of all money received and paid out by it   at
the end   of each   month and   shall file   the
report and the vouchers with the records   of
the district   in   the depository   vault.    A
copy of the report   shall be made   available
for inspection by any taxpayer and shall   be
delivered   to   the   successor   of   the
depository.

Subsection (b) of   section 51.356 specifies   that the
depository shall execute a bond or security   "that will be
the same as provided by law for a county depository."   The
law that controls the bond or security to   be furnished by
a county depository is now found in chapters 116, 117, 130
and 131 of the   Local Government   Code.   Section   116.060
thereof reads:

A depository is   not required to   provide
security for the deposit of county funds   to
the extent the deposits are insured under 12
U.S.C.A. Sections 1811-1832.

Sections 1811-1832 of 12 U.S.C. deal with the Federal Deposit Insurance Corporation. Consequently, in reply to your first question, to qualify as the depository for the river authority, the selected depository need not furnish bonds or pledge securities to protect the amount to be deposited that will be insured by the Federal Deposit Insurance Corporation.

In response to your second question, we advise that the authority cannot arrange with a bank holding company to distribute the authority's deposits among member banks that have not qualified according to law as official depositories of the authority. See Attorney General Opinion Nos. JM-383 (1985); H-1185 (1978).

We answer your third question in the same vein. The authority may not deposit its funds in accounts of banks which have not qualified as depositories of the authority, nor purchase certificates of deposit from any bank in lieu of following the requirements of law for the selection of depositories. See Attorney General Opinion Nos. JM-383 (1985); MW-343 (1981); MW-224 (1980); H-1013 (1977). Cf. Local Gov't Code §116.112(a), (b) (withdrawal of deposits in certain circumstances exclusively for investment in direct debt securities of the United States or fully collateralized repurchase agreements); V.T.C.S. art. 6252-5a (permissible investments in other circumstances).

### S U M M A R Y

Article 4413(34c), V.T.C.S., does not alter legal requirements for official depositories. The Brazos River Authority cannot directly or indirectly deposit its funds in depositories that have not qualified according to law, but in order to qualify as an official depository the depository selected need not furnish bonds or pledge securities to protect deposits that are insured by the Federal Deposit Insurance Corporation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General